## EVERETT & BROWN *vs.* VENDRYES.

Where a bill of exchange is payable in New York, the instrument, as to the mode of its transfer, is governed by the laws of this state. PEABODY, J., dissented.

By the laws of New York, a general indorsement is sufficient to transfer a bill or note, wherever made.

THIS action was upon a draft or bill of exchange, made and drawn by the defendant at Carthagena in New Granada, for the sum of $2687.50, and protested for non-acceptance, by the New Granada Canal and Steam Navigation Company of the City of New York, against the drawer of said bill of exchange. The action came on to be heard and tried before Justice DAVIES and a jury, on the 16th of May, 1856. The bill was dated May 8, 1855, and was payable to one Jimenes, or order, six months after sight. The complaint alleged the making of the bill, the delivery thereof to the payee, and the indorsement and transfer of the same to the plaintiffs, by Jimenes, for a valuable consideration, on or before the 13th of June, 1855; that the plaintiffs remained and still were, the owners and holders thereof; that on the 13th of June, 1855, the plaintiffs caused the bill to be presented, by a notary, to the drawees at New York, for acceptance; that the drawees refused to accept the bill and the same was duly protested for non-acceptance, and notice given to the defendant and to the indorser. The defendant, by his answer, denied the making and indorsement of the bill, and alleged that no consideration or value ever passed between the defendant and Jimenes for the same, and he alleged that the bill was the draft of the president and directors of the New Granada Canal and Steam Navigation Company of New York. That the said draft was drawn by the defendant as the authorized agent of the said company, and for their benefit, and in the regular course of their transactions, and given for certain services rendered by Jimenes for and to the said company, and for their benefit, and given as part payment therefor to the said Jimenes. That the said draft was received and accepted by the said Jimenes upon the express understanding and agreement that in no case was the defendant to be personally liable in case of non-acceptance or non-payment of the same by the said New Granada Canal and Steam Navigation Company, the said draft being given as a memorandum voucher of the claim of the said Jimenes against the company for his services rendered to them, and for their benefit and advantage.

On the trial the counsel for the defendant moved the court

Everett *v.* Vendryes.

for leave to amend the answer by inserting the laws of New Granada in respect to the indorsements of drafts or bills of exchange, and in respect to the time when the right of action accrues; which motion was denied, and the counsel for the defendant excepted. The bill of exchange was produced and read in evidence, and the signature of Jimenes to the indorsement was proved. The indorsement was as follows : " Pay to the order of Messrs. Everett & Brown, New York."

The counsel for the defendant then offered to prove the laws of New Granada, the place where the draft in suit had been made or drawn and indorsed, and that by the said laws the indorsement upon said draft was invalid and passed no property in the draft to the plaintiffs, and also that in accordance with said laws at the time of the commencement of the action no right of action had accrued to the plaintiffs, the draft not being protested for non-payment as required by the said laws of New Granada. The plaintiffs' counsel objected, on the ground that the said laws were not set forth in the answer, and the objection was sustained by the court, and the defendant excepted. The counsel for the defendant then again renewed his motion for leave to amend the defendant's answer in the following respects, viz. " Defendant for further answer says that he is not liable upon said draft or bill of exchange, for the reason that said draft was made and drawn in Carthagena, in the republic of New Granada, and indorsed there by the payee thereof ; that by the laws of New Granada, the country where said draft was made and indorsed, it is enacted and provided that ' the indorsement of any draft or bill of exchange must contain—1st. The name and surname of the person to whom the bill is transferred ; 2d. If the value or consideration be received in cash, in merchandise, or if be in account ; 3d. The name or surname of the person from whom it is received or on whose account it is charged, if he should not be the same to whom the bill is transferred ; 4th. The date on which it [the indorsement] is made.' Also that ' The indorsement not expressing the value or date, does not transfer the property in the bill, and it is to be considered as a simple commission for collection.' And further, ' that

indorsements in blank are hereby prohibited, and whoever shall make them shall have no action whatever for the value of the bill of exchange which he shall have transferred in that form.' And it is also further provided by the laws of said New Granada, that 'The holder of a bill has no right to demand the acceptance of bills payable at certain sights, and cannot prosecute any action whatever against the drawer or the indorsers until the same are protested for non-payment.' Defendant further answers, that said bill of exchange upon which this action is founded was not indorsed in accordance with the said laws of New Granada but in violation thereof, and was indorsed in blank, and that no property therein was transferred to the said plaintiffs; and that no right of action had accrued to said plaintiffs at the time of the commencement of this action, the said draft not having been protested for non-payment." The court denied the motion, and the counsel for the defendant excepted. The defendant then rested his case. The counsel for the plaintiffs then offered in evidence an assignment of the draft or bill of exchange, executed by one Sanchez to the plaintiffs, and called a witness to prove the signature thereof. The paper was then read in evidence, and was in the words following: "For value received I hereby sell, assign, transfer and set over unto Silas K. Everett and Elias B. Brown, composing the firm of Everett & Brown, a certain draft or bill of exchange, dated Carthagena, 8th May, 1855, drawn by Henry Vendryes upon the president and directors of the New Granada Canal and Steam Navigation Company of New York, payable to the order of Doctor Manuel Narciso Jimenes, six months after sight thereof, for the sum of two thousand six hundred and eighty-seven dollars and fifty cents, United States currency, and by said Jimenes duly indorsed to me, with all my right, title and interest in and to the said draft or bill of exchange. $2687.50 ct. To have and to hold the same unto the said Everett & Brown for ever. Dated Carthagena, May twenty-third, 1855."

The court charged the jury that the plaintiffs were entitled to recover the full amount of the draft and interest; to which charge the defendant excepted. The jury thereupon found a

Everett *v.* Vendryes.

verdict for the plaintiffs for $2782.31, being the amount of said draft and interest. The defendant appealed from the judgment.

*C. A. May,* for the appellant.

*I. T. Williams,* for the respondents.

Roosevelt, J. This was an action by the indorsees, against the drawer, of a bill of exchange made in Carthagena, (New Granada,) but payable in New York; and protested for non-acceptance. The defense is that it was not duly indorsed by the payee. We hold that being payable in New York, the instrument, as to the mode of its transfer, is governed by the laws of New York, and that by those laws a general indorsement like the one before us, is sufficient to transfer a bill or note, wherever made.

The exceptions must be overruled and judgment for the plaintiffs affirmed, with costs.

Davies, J., concurred.

Peabody, J., (dissenting.) This action is brought by the indorsee, against the drawer, of a bill of exchange drawn in New Granada, addressed to a drawee in New York. No place of payment is stated in the bill, and none is suggested, except that it is addressed to a drawee in New York. It was indorsed in New Granada, and the question is, whether the indorsement as made was sufficient to transfer the title to the plaintiffs; and a preliminary question is, by what law is the sufficiency of the indorsement and transfer to be determined? I think it must be by the laws of New Granada, where it was made. The validity of every personal contract must depend on the laws of the place where it is made. This is certainly the case when the property which is the subject of the contract is there also; and it is no less the case with the various contracts of drawing, accepting, indorsing and transferring negotiable paper, than with others. If this indorsement was effectual to pass the title, then it passed.

---

Everett *v.* Vendryes.

---

If it was not so, it did not pass. (*Story on Confl. of Laws*, §§ 242, 203, 267–270. *Pothier on Obligations*, § 407. *Trimber* v. *Vignier*, 6 *Car. & Payne*, 25. 1 *Bing. N. Cas.* 151, 159.) A contract to sell or transfer negotiable paper is like any other, in this respect. The fact that it was payable elsewhere is entirely unimportant. The laws of the place of payment do not govern as to a contract to sell it, or as to a transfer of it, made in another country. The question is, did or did not the payee, by the indorsement he made, transfer the bill to the plaintiffs? He did an act in New Granada which either was or was not a transfer of it to the plaintiffs. As to the doing of the act, there is no controversy. The legal effect of it is alone in dispute; and the defendant offered to prove the laws of New Granada, and to show that by them the act did not amount to a transfer of the title to the plaintiff. How else shall this question be tried? How can it be tried by any other law than that of the place of the transaction? It seems to me quite clear that it must be tried by the laws within the jurisdiction of which the act, (the effect of which is in dispute,) was done. Tried by the laws of New York, the transfer was complete; tried by those of New Granada, the indorsement was abortive and ineffectual to give a title to the plaintiff. I think that the judgment should be reversed. (*See authorities above cited, and also* 4 *Moore & Scott*, 695; *Story on Confl. Laws*, §§ 314, 316, *a* ; ———— v. *Duke of Fitz James*, 1 *Bos. & Pull.* 141.)

Judgment affirmed.

[NEW YORK GENERAL TERM, February 4, 1857. *Roosevelt, Davies* and *Peabody*, Justices.]